UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JERRY LAYNE CANTY,

    Petitioner,

vs.                                       Case No.3:12-cv-194-J-12MCR
                                              3: 94-cr-169-J-12MCR

UNITED STATES OF AMERICA,

    Respondent.

---

### ORDER

This cause is before the Court on Petitioner's pro se Motion pursuant to 28 U.S.C. § 2255 (Civ. Doc. 1), filed January 24, 2012. Petitioner seeks review of his sentence based on claims of ineffective assistance of counsel relating to his mental condition. On March 30, 2012, Respondent filed a motion to dismiss Petitioner's § 2255 motion (Civ. Doc. 7), to which Petitioner filed a traverse (Civ. Doc.8) on April 25, 2012.

This is Petitioner's fifth collateral attack on his sentence pursuant to 28 U.S.C. § 2255.[1] As Respondent points out, the Court is without jurisdiction to review Petitioner's

---

[1] See Crim. Docs. 169 (Order denying first § 2255 motion), 177 (Order dismissing second § 2255 motion), 202 (Order dismissing third § 2255 motion also filed as Civ. Case No. 3:97-cv-1197-J-12) and 208 (Order dismissing fourth § 2255 motion also filed as Civ. Case No. 3:11-cv-1037-J-12MCR). In his first § 2255 motion, as well as in others, Petitioner raised issues regarding his mental condition, including ineffective assistance of counsel. Defendant also raised issues related to his mental condition on a motion pursuant to Fed.R.Cr.P. 60(b). See Crim Doc. 190 (Order denying Rule 60(b) motion). The Eleventh Circuit Court of Appeals has upheld all of this Court's rulings that Petitioner has appealed, and previously had affirmed his criminal conviction. See Crim. Docs. 174, 182, 200, Civ. Doc. 12 in Case No. 97-cv-1197-J-12, and Crim. Docs. 131 and 132.

sentence pursuant to 28 U.S.C. § 2255(h) at this time, because his motion is a successive motion filed without first obtaining permission for filing such motion from the Eleventh Circuit Court of Appeals.

Petitioner's reliance on Panetti v. Quarterman, 551 U.S. 930 (2007), in support of his contention that his § 2255 motion is not a successive motion is misplaced. Panetti concerns a defendant's Ford v. Wainwright, 477 U.S. 399 (1986), claim of incompetency to be executed, which does not become ripe until an execution date is set. Panetti is inapplicable to Petitioner's case as Petitioner's incompetency claim was ripe at the time of his trial and sentencing in 1995. As set forth in footnote 1 above, the Court previously has addressed various issues Petitioner has raised with regard to his mental condition and ineffective assistance of counsel at the time of trial in four previous § 2255 motions and a Rule 60(b) motion, and the Eleventh Circuit Court of Appeals has affirmed each of the Court's rulings that Petitioner has appealed. Petitioner simply has provided no factual or legal basis for the Court to consider his current § 2255 motion as anything other than a successive motion, which the Court lacks jurisdiction to consider. Accordingly, it is

**ORDERED AND ADJUDGED:**

1. That Respondent's motion to dismiss Petitioner's § 2255 motion (Civ. Doc. 7) is granted and Petitioner's fifth § 2255 motion (Civ. Doc. 1 and Crim. Doc. 244) is dismissed without prejudice for failure to obtain certification for filing such motion from the Eleventh Circuit Court of Appeals; and

2. That the Clerk is directed to enter judgment dismissing the civil case without prejudice and to close the civil case, and to terminate the § 2255 motion in the criminal case.

**DONE AND ORDERED** this ___16th___ day of May 2012.

*Howell W. Melton*
_____
**SENIOR UNITED STATES DISTRICT JUDGE**

Copies to:
    AUSA
    Defendant